# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1597

_____

Kevin Conway

*Plaintiff - Appellee*

v.

Mail Room Supervisor Sue Alford, Ouachita River Correctional Unit; Sergeant Jacob Higgins, Ouachita River Correctional Unit; Chaplain Dan Flora, Ouachita River Correctional Unit

*Defendants - Appellants*

Norma Gillom, Chaplain & Review Committee, Ouachita River Correctional Unit; Deputy Warden Vickie Orr, Ouachita River Correctional Unit; Barbara Holliman, Review Committee, Ouachita River Correctional Unit; Christy Littleton, Grievance Officer, Ouachita River Correctional Unit; Warden Darryl Golden, Ouachita River Correctional Unit; Warden Marshall D. Reed, Ouachita River Correctional Unit

*Defendants*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: December 7, 2016
Filed: February 8, 2017
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

This interlocutory appeal arises from an action that Kevin Conway brought against employees of an Arkansas state prison where he was an inmate, claiming that they illegally intercepted and confiscated his mail.

Conway maintains that he is a member of the Church of Jesus Christ Christian, which is affiliated with the Aryan Nations. The prison classifies the Aryan Nations as a "Security Threat/Terrorist Group." Prison policy authorized mailroom staff to screen all incoming publications for prohibited content, including certain content from "Security Threat/Terrorist Groups." If mailroom staff suspected that a publication should be prohibited, the publication would be forwarded to a review committee that would recommend to the warden whether to allow the addressee to receive the publication.

Conway alleges that the employees withheld a handful of publications pertaining to the CJCC and related entities. The district court found that Conway had satisfied his obligation under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), to exhaust his administrative remedies for only two publications, with respect to which Conway alleges the following. The first of these was intercepted by Mailroom Supervisor Sue Alford and forwarded to the review committee. Alford directed Sergeant Jacob Higgins to inform Conway that the publication had been confiscated. Higgins also informed Conway that Higgins thereafter classified Conway as a security threat, threatened retaliation against Conway, and placed a total ban on CJCC materials. The second confiscation occurred about two weeks later when Chaplain Dan Flora received a CJCC membership packet on Conway's behalf. Flora informed

Conway that he sent the packet to the review committee, though he did give Conway his CJCC membership card.

As relevant here, Conway sued Alford, Higgins, and Flora in their individual and official capacities, claiming that intercepting these materials violated his constitutional right to exercise his religion freely and his rights under the Religious Land Use and Institutionalized Persons Act. He also claimed that the confiscations violated his constitutional right to free speech, the Establishment Clause, and the 14th Amendment. The district court denied the employees' motion for summary judgment on the personal-capacity claims on the basis of qualified immunity, and this appeal ensued.

Qualified immunity shields government officials from liability for damages when their actions do not violate clearly established statutory or constitutional rights. *Jenkins v. Univ. of Minn.*, 838 F.3d 938, 944 (8th Cir. 2016). We have jurisdiction to conduct an interlocutory review of a denial of summary judgment when a district court rejects a qualified-immunity defense, but that jurisdiction is limited to determining "abstract issues of law." *Id.* We lack, for instance, jurisdiction to consider the argument that the defendants did not commit the acts complained about, *Ehlers v. City of Rapid City*, Nos. 16–1834, 16–1835, 2017 WL 359669, at *5 n.3 (8th Cir. Jan. 25, 2017); *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 806–07 (8th Cir. 2010), so to the extent that the employees here maintain that they did not make the final decisions to withhold these publications, the matter is not before us.

We thus turn to the question of whether the facts, taken most favorably to the plaintiff, demonstrate a violation of clearly established statutory or constitutional rights. *Jenkins*, 838 F.3d at 944. Here, we cannot see how the facts that Conway alleges could violate RLUIPA or his constitutional free-exercise right. Under RLUIPA, Conway bears the burden of showing that the employees' acts "substantially burdened" his exercise of religion. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015); 42

U.S.C. § 2000cc–1(a). Conway claims that the employees substantially burdened his religious exercise because "reading religious literature from my church . . . is a part of the way I practice and express my religious beliefs." While that may be true, Conway has not alleged or shown how confiscation of these particular materials substantially burdens his religious exercise. On this record, therefore, we conclude that Conway's claim must fail. To hold otherwise would entirely erase the word "substantial" from RLUIPA's text. The employees are therefore entitled to qualified immunity on Conway's RLUIPA claim.

Because Conway has not alleged or proved a substantial burden to his religious exercise under RLUIPA, his constitutional free-exercise claim necessarily fails, *Van Wyhe v. Reisch*, 581 F.3d 639, 657–58 (8th Cir. 2009), so the employees are entitled to qualified immunity on that claim as well. It is unclear to us after reading the district court's opinion whether the court actually addressed Conway's free speech, Establishment Clause, and 14th Amendment claims, though we think it possible that the district court intended to grant summary judgment to the employees on the 14th Amendment claim. We leave it to the district court on remand to address these claims directly in the first instance and rule on them.

Reversed and remanded.

_____